3:11-CV-3572 MEJ

§ JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Albert John Vincent, Raymond Tormaschy

## DEFENDANTS

Daniel M. Reser, Fiduciary Services, Inc., The Estate of Joel P. Spear, Linda Spear, First Bankers Trust Services, Inc., the Joel & Linda Spear Family Trust, and Southern California Pipeline Construction, Inc. ➕

**(b)** County of Residence of First Listed Plaintiff  San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Daniel Feinberg
Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
476 9th Street, Oakland, CA 94607
510-839-6824

Attorneys (If Known)

E-filing     ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2)

Brief description of cause:
Plan losses resulting from fiduciary violations

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ TBD

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE     ☐ EUREKA

DATE
7-20-2011

SIGNATURE OF ATTORNEY OF RECORD

DANIEL FEINBERG – CA State Bar No. 135983
Email: dfeinberg@lewisfeinberg.com
SACHA STEINBERGER – CA State Bar No. 253823
Email: ssteinberger@lewisfeinberg.com
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
476 - 9th Street
Oakland, CA 94607
Tel: (510) 839-6824
Fax: (510) 839-7839

RICHARD E. DONAHOO – CA State Bar No.: 186957
Email: rdonahoo@donahoo.com
SARAH L. KOKONAS – CA State Bar No.: 262875
Email: skokonas@donahoo.com
JOSEPH K. JOHNSON – CA State Bar No. 263499
Email: jjohnson@donahoo.com
DONAHOO & ASSOCIATES
440 W. First Street, Suite 101
Tustin, California 92780
Tel: (714) 953-1010
Fax: (714) 953-1777

*Attorneys for Plaintiffs*

**FILED**

JUL 20 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**ADR**

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ALBERT JOHN VINCENT, RAYMOND TORMASCHY, | Case No. **C11-03572** MEJ |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **COMPLAINT** |
| DANIEL M. RESER, FIDUCIARY SERVICES, INC., THE ESTATE OF JOEL P. SPEAR, LINDA SPEAR, FIRST BANKERS TRUST SERVICES, INC., the JOEL & LINDA SPEAR FAMILY TRUST, and SOUTHERN CALIFORNIA PIPELINE CONSTRUCTION, INC., | |
| Defendants. | |

1  **I.  JURISDICTION AND VENUE**

2  1.  This action arises under Title I of the Employee Retirement Income Security Act of 1974

3  ("ERISA"), 29 U.S.C. §§ 1001 et seq., and is brought by Plaintiffs to enjoin acts and practices

4  which violate the provisions of Title I of ERISA, to make good to the Plan losses resulting from

5  fiduciary violations, restore to the Plan any profits which have been made by the breaching

6  fiduciaries and parties in interest through the use of Plan assets, and to obtain other appropriate

7  equitable and legal remedies in order to redress violations and enforce the provisions of Title I of

8  ERISA.

9  2.  This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(2),

10 29 U.S.C. § 1132(e)(2).

11 3.  Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2),

12 because some or all of the events or omissions giving rise to the claims occurred in this District,

13 and one or more of the Defendants resides or may be found in this District.

14 **II.  INTRA-DISTRICT ASSIGNMENT**

15 4.  This action arises in Marin County in that some of the breaches alleged took place in San

16 Rafael, California; the ESOP Trustee for the underlying November 2007 ESOP Transaction,

17 defendant Reser, resides in San Rafael; and both Reser and the Plan's investment manager at the

18 time of the November 2007 ESOP Transaction, defendant Fiduciary Services, Inc., have their

19 principal place of business in San Rafael.

20 **III.  PARTIES**

21 5.  At all relevant times, Plaintiff Albert John Vincent has been a participant, as defined in

22 ERISA § 3(7), 29 U.S.C. § 1002(7), in the Southern California Pipeline Construction, Inc.

23 Employee Stock Ownership Plan ("the ESOP"). Plaintiff Vincent resides in Carlsbad,

24 California. Plaintiff Vincent was employed by Southern California Pipeline Construction, Inc.,

25 from in or about 2005 through on or about January 14, 2010.

26 6.  At all relevant times, Plaintiff Raymond Tormaschy has been a participant, as defined in

27 ERISA § 3(7), 29 U.S.C. § 1002(7), in the ESOP. Plaintiff Tormaschy resides in Temecula,

28

1  California.  Plaintiff Tormaschy was employed by Southern California Pipeline Construction,

2  Inc., from in or about April, 2005 through in or about June, 2010.

3  7.      At all relevant times, Defendant Southern California Pipeline Construction, Inc.,

4  ("SCPC") was the Sponsor of the ESOP within the meaning of ERISA § 3(16)(B), 29 U.S.C. §

5  1002(16)(B), the Plan Administrator designated within the meaning of ERISA § 3(16)(A), §

6  1002(16)(A), and the named fiduciary within the meaning of ERISA § 402, 29 U.S.C. § 1102.

7  SCPC adopted the ESOP effective January 1, 2006.  SCPC was a fiduciary of the ESOP under

8  ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or

9  discretionary control respecting management of the ESOP, and/or had discretionary authority or

10  discretionary responsibility in the administration of the ESOP.  Specifically, under the terms of

11  the ESOP and the Trust Agreement, Defendant SCPC was responsible for appointing the Trustee

12  of the ESOP, and had the authority to remove the Trustee and appoint a new Trustee or Trustees

13  in its place.  By virtue of these powers, Defendant SCPC had the fiduciary responsibility to

14  monitor the Trustee and remedy any fiduciary violations committed by the Trustee.

15  8.      At some relevant times, Joel P. Spear ("Spear") was a member of the Board of SCPC, the

16  Trustee of the ESOP, the sole member of the ESOP Voting Committee, the President and Chief

17  Executive Officer of SCPC, and co-trustee of the defendant Joel and Linda Spear Family Trust.

18  Thus, at some relevant times, Spear was a fiduciary of the ESOP within the meaning of ERISA §

19  3(21)(A), 29 U.S.C. § 1002(21), and a "party in interest" as to the ESOP as defined in ERISA §

20  3(14), 29 U.S.C. § 1002(14).  Spear committed suicide on January 7, 2010, in Orange County,

21  California.  Upon information and belief, Defendant ESTATE OF JOEL P. SPEAR ("Spear

22  Estate") holds assets that in good conscience belong to the ESOP.

23  9.      At all relevant times, Defendant LINDA S. SPEAR ("Linda Spear") was a member of the

24  Board of SCPC, wife of Joel P. Spear, and co-trustee of the defendant Joel and Linda Spear

25  Family Trust.  At the time of the ESOP Transaction, Linda Spear was Vice President and CFO of

26  SCPC.  Upon information and belief, Linda Spear became President and CEO of SCPC

27  following the death of Joel Spear.  Upon information and belief, Linda Spear is the personal

28  representative administering the Spear Estate.  Thus, at all relevant times, Defendant Linda Spear

1  was a fiduciary of the ESOP within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21),

2  and a "party in interest" as to the ESOP as defined in ERISA § 3(14), 29 U.S.C. § 1002(14).

3  Linda Spear resides in Orange County, California.

4  10.    At some relevant times, Defendant DANIEL M. RESER, ("Reser") while in the course of

5  his duties as President of defendant FIDUCIARY SERVICES, INC., was the Trustee of the

6  ESOP. Upon information and belief, Reser succeeded Joel P. Spear as Trustee of the ESOP on

7  or about September 6, 2007. Defendant Reser was the Trustee of the ESOP at the time of the

8  November 2007 ESOP Transaction described below. At some relevant times, Defendant

9  FIDUCIARY SERVICES, INC. ("FSI") served as investment manager to the ESOP. Upon

10  information and belief, FSI was appointed as investment manager for the ESOP on or about

11  September 6, 2007, and was investment manager of the ESOP at the time of the November 2007

12  ESOP Transaction. Thus, at some relevant times, Reser and FSI were fiduciaries of the ESOP

13  within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21), and "parties in interest" as to

14  the ESOP as defined in ERISA § 3(14), 29 U.S.C. § 1002(14). At all relevant times, FSI was

15  and is a California corporation licensed to do business in California with its principle place of

16  business in San Rafael, California, and was doing business as a Registered Financial Advisor

17  offering fiduciary services for qualified retirement plans including Employee Stock Ownership

18  Plans. At all relevant times, Reser was a resident of San Rafael, California.

19  11.    At some relevant times, Defendant FIRST BANKERS TRUST SERVICES, INC.

20  ("FBTS") was the Trustee of the ESOP. Defendant FBTS replaced Reser as Trustee of the

21  ESOP after the November 2007 ESOP Transaction described below. FBTS was formally

22  designated as Trustee of the ESOP in or about March 2008. Thus, at some relevant times, FBTS

23  was a fiduciary of the ESOP within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21),

24  and a "party in interest" as to the ESOP as defined in ERISA § 3(14), 29 U.S.C. § 1002(14). At

25  all relevant times, FBTS was a wholly-owned subsidiary of First Bankers Trustshares, Inc., and

26  provides trust services to ESOPs and other trusts. Upon information and belief, FBTS is an

27  Illinois corporation with its principal place of business in Quincy, Illinois.

28

12.     At all relevant times, the JOEL & LINDA SPEAR FAMILY TRUST ("Spear Family Trust") was a Joint Revocable Living Trust established July 18, 2001 by and between Joel P. Spear and Linda S. Spear as Trustors and co-Trustees, and a "party in interest" as to the ESOP as defined in ERISA § 3(14), 29 U.S.C. § 1002(14). On information and belief, the Spear Family Trust received some or all of the proceeds from the November 2007 ESOP Transaction described below. Upon information and belief, the Spear Family Trust holds assets that in good conscience belong to the ESOP. Upon information and belief, the Spear Family Trust may be found in Orange County, California.

**IV.     FACTS**

13.     SCPC adopted the ESOP effective January 1, 2006.

14.     Prior to the sale of SCPC stock to the ESOP, 100% of SCPC stock was owned by the Spear Family Trust, with Joel Spear and Linda Spear as co-trustees.

15.     Upon information and belief, Defendant SCPC appointed Joel P. Spear as Trustee of the ESOP in or about 2006. Upon information and belief, Defendant SCPC appointed Reser as the successor Trustee of the ESOP on or about September 6, 2007. Defendant Reser was Trustee of the ESOP at the time of the November 2007 ESOP Transaction.

16.     SCPC is a general engineering contractor specializing in the installation of water, sewer, and storm drain systems, along with underground fire protection systems. Its main office is located in Orange County with operations in Central and Southern California.

17.     In the years leading up to 2007, SCPC's leading customers and the majority of its revenue growth came from construction and development of new residential developments in Southern California. Southern California residential housing construction grew at a breakneck pace during this period.

18.     However, the bottom fell out of the residential housing construction market in or about early 2007. In March 2007, D.R. Horton CEO Don Tomnitz told the Citigroup Industrial Manufacturing Conference, "2007 is going to suck, all 12 months of the calendar year. Our future is not as bright as what we would like it to be." March 2007 showed a 30 percent drop in

1  housing completions from March 2006. First quarter 2007 housing starts and building permits

2  fell nearly 25 percent and 27 percent, respectively, from 2006.

3  19.    In mid-to-late spring 2007, effects of the subprime mortgage meltdown began taking a

4  serious toll on the residential construction industry. In May 2007, the editor-in-chief of *Builder*

5  opined that the mortgage crisis would "hit 2007 home sales hard, with a cascading effect that

6  will be felt for some time to come."

7  20.    In October 2007, the Housing Market Index hit an all-time historical low of 18, after

8  steady month-over-month declines beginning in February 2007.

9  21.    The plunge in the residential construction market was particularly severe in Southern

10  California. Not surprisingly, the housing market downturn affected SCPC's revenues. After

11  years of rapid growth, SCPC's revenues fell sharply in or about early 2007. SCPC's Last

12  Twelve Months ("LTM") revenues were down over 11% as of June 30, 2007.

13  22.    On or about November 21, 2007, Joel P. Spear and Linda Spear, as co-trustees of the Joel

14  and Linda Spear Family Trust, entered into a Stock Purchase Agreement whereby the Trust sold

15  100% of the SCPC stock to the ESOP. Joel P. Spear and defendant Linda Spear acted on behalf

16  of the seller in the Transaction. Defendant Reser acted on behalf of the ESOP.

17  23.    The ESOP paid the Spear Family Trust $35,000,000 for the SCPC shares purchased on or

18  about November 21, 2007 ("November 2007 November 2007 ESOP Transaction"). The sources

19  of funding for the November 2007 ESOP Transaction were $2.4 million cash within the ESOP

20  and a $32.6 million loan from SCPC to the ESOP. SCPC, in turn, had a $10 million loan from

21  First American Bank to SCPC, and a $29.0 million Note from the Spear Family Trust to fund the

22  Transaction. Upon information and belief, SCPC, Spear and Linda Spear had difficulty finding a

23  bank willing to finance the proposed November 2007 ESOP Transaction.

24  24.    Upon information and belief, Spear and his investment banking advisor, BCC Capital,

25  decided that the sale price would be $35 million before Reser was hired as Trustee of the ESOP.

26  A "Confidential Summary Transaction Profile" prepared by BCC Capital prior to August 2,

27  2007, stated that the transaction price would be $35 million.

28

25.     Defendant Reser used a valuation report dated November 21, 2007, prepared by an appraiser, Stout Risius Ross ("SRR"), to justify the purchase price. The valuation report was not reliable and inflated the value of SCPC.

26.     The SRR valuation report did not adequately consider the severity of the downturn in the residential housing market or its impact on SCPC. The SRR valuation report assumed that SCPC would be able to switch its focus from residential housing construction to public works projects. The SRR valuation report does not discuss or consider the execution risk in this proposed change in to SCPC's core business strategy. Nor did the SRR valuation report discuss or consider the fact that public works projects are generally less profitable than private sector projects due, *inter alia*, due to lowest responsible bidder, prevailing wage requirements, and competition from established public works contractors.

27.     The SRR report's valuation was based in large part on management projections of future revenues and profits. These projections showed continued growth in SCPC's revenues and profits despite the downturn in the residential housing market. Upon information and belief, these projections were prepared by Joel Spear, who was the seller in the proposed transaction. Upon information and belief, Joel Spear inflated these projections in order to obtain a higher price for the Spear Family Trust's SPCP stock. Upon information and belief, neither SRR nor Reser adequately considered whether Joel Spear's financial projections, or the bases for them, were reliable.

28.     Defendant Reser was aware, however, of the difficulty of SCPC's business strategy. Reser had concerns about SCPC's ability to meet management's financial projections due to the downturn in residential housing construction and SCPC's change in its market focus. Reser requested Spear, Linda Spear, the Spear Family Trust, and SCPC make a representation as to the continuing validity of SCPC's financial projections in the Stock Purchase Agreement for the November 2007 ESOP Transaction. The attorneys representing the Spears parties stated that they would not provide a representation that the financial projections were valid. In an email exchange dated November 2, 2007, Reser and his attorney agreed that it was important to "push back" on this issue. Reser was aware of the importance of reliable financial projections. As

1    stated by Reser in an email concerning the need for a representation from the Spears, the Spear

2    Family Trust, and SCPC, "For the income approach, they [financial projections] are the key

3    determinative and the valuation agent typically relies on them almost exclusively. A failure to

4    realize a company's own growth projections is one of the main reasons why their future

5    performance and the transaction date valuation part ways. This company is firmly positioned in

6    an industry that is in turmoil. It is also changing its strategic direction and its core clientele in

7    the middle of this tumultuous market. While I agree with their strategy, I suggest that we don't let

8    them off the hook." Nevertheless, despite his knowledge and concern, Reser backed down on

9    this issue and the final Stock Purchase Agreement for the November 2007 ESOP Transaction

10   does not include a financial projections representation initially demanded by Reser.

11   29.     Further, the SRR valuation report ignored the significance of SCPC's financial downturn

12   in early 2007. For example, the SRR valuation report assumed that SCPC's revenues would

13   *increase* 5.4% in 2007, even though SCPC's LTM revenues had *decreased* 11.1% as of June 30,

14   2007. The SRR valuation report did not explain why SRR assumed a dramatic turnaround in

15   SCPC's revenues in the latter half of 2007 despite the downturn in the residential housing

16   market.

17   30.     The SRR valuation report did not use the most recent available financial results for

18   SCPC. Even though the SRR valuation report was dated November 21, 2007, it uses LTM

19   results as of June 30, 2007 – financial results that were almost five months old at the time. More

20   recent financial results were available by November 21, 2007. Furthermore, upon information

21   and belief, these more recent financial results would have shown further deterioration in SCPC's

22   revenues.

23   31.     Upon information and belief, Defendant Reser did not adequately attempt to negotiate a

24   lower purchase price on behalf of the ESOP. Instead of an arms-length negotiation of the

25   purchase price, the purchase price paid by the ESOP was the price that had been decided by

26   Spear and his investment banking advisor at the outset, prior to engagement of a professional

27   fiduciary for the ESOP.

28

32.     In addition, neither Reser nor SRR adequately considered the effect of new debt in the proposed Transaction which resulted in SCPC taking on excessive debt. The debt for the proposed transaction, as designed by Spear and his investment advisor BCC Capital, was approximately the same as the inflated enterprise value in the SRR valuation report. Neither SRR nor Reser adequately considered the effect of this massive debt on SCPC's future operations or the value of the SCPC stock purchased by the ESOP in the November 2007 ESOP Transaction.

33.     A prudent fiduciary would have rejected the proposed Transaction because it was too risky for the ESOP and the ESOP was paying more than fair market value for the SCPC shares.

34.     The SRR valuation report assumed that the ESOP was purchasing 100% of the equity of SCPC. However, Joel and Linda Spear received warrants to purchase SCPC stock and SCPC set up a Management Incentive Plan which provided top management with SCPC stock as part of the November 2007 ESOP Transaction. Therefore, the ESOP was purchasing less than 70% of SCPC's equity on a fully diluted basis.

35.     Defendants, and each of them, were aware that the valuation report for the November 2007 ESOP Transaction was not reliable, the valuation report used inflated financial results for valuing SCPC, and the transaction price had been predetermined by Spear and his investment banking advisor. However, none of the Defendants took any action to correct the November 2007 ESOP Transaction at any time thereafter.

36.     Despite having a fiduciary duty to ensure that the consideration paid by the Trust for the ESOP shares was not greater than the fair market value of such shares, Defendants Reser and FSI failed to do appropriate due diligence to protect the interest of the ESOP Trust.

37.     Upon information and belief, SCPC terminated Reser as Trustee of the ESOP shortly after the November 2007 ESOP Transaction, and threatened to sue him. SCPC, however, did not follow the procedures specified in the ESOP Trust Agreement for terminating the Trustee and appointing a successor Trustee. SCPC later appointed FBTS as Trustee. Upon information and belief, SCPC did not formally document Reser's termination or FBTS's hiring until in or about March 2008. Upon information and belief, FBTS knew or should have known about the

1    circumstances of Reser's termination and SCPC's failure to follow the terms of the Plan in

2    appointing FBTS as successor Trustee.

3    38.    Upon information and belief, Defendant FBTS knew or should have known that

4    Defendant Reser breached his fiduciary duties, and Joel Spear, Linda Spear, and the Spear

5    Family Trust engaged in a prohibited transaction in the November 2007 ESOP Transaction, but

6    did not pursue claims on behalf of the ESOP or adequately consider pursuing such claims.  For

7    example, the SRR valuation report prepared by SRR for FBTS dated December 31, 2007 – only

8    40 days after the November 2007 ESOP Transaction – reported that the value of SCPC shares

9    owned by the ESOP had declined substantially in the six weeks since the Transaction due in part

10   to "the sudden downturn and continued weakness of the California housing markets which was

11   not foreseen as of the close of the ESOP Transaction . . . ."  There was no "sudden downturn" in

12   the California housing markets between November and December 2007 – the housing market

13   crisis was well underway before the November 2007 ESOP Transaction.  In addition, FBTS

14   knew or should have known that SCPC terminated Reser as Trustee shortly after the November

15   2007 ESOP Transaction, but had not followed the appropriate procedures in effecting this

16   termination.

17   39.    The value of the SCPC stock owned by the ESOP declined precipitously immediately

18   following the November 2007 ESOP Transaction.  This should have caused FBTS to, at a

19   minimum, investigate whether the ESOP had paid more than fair market value in the November

20   2007 ESOP investigation.  Upon information and belief, FBTS did not adequately investigate

21   whether fiduciary violations had occurred in the November 2007 ESOP Transaction despite

22   numerous red flags that should have raised concerns.

23   40.    As part of the November 2007 ESOP Transaction, SCPC agreed to increase its Board of

24   Directors from two members to five members within one year of the closing date, and further

25   agreed to elect two outside members of the Board within 1 year of the closing date.  In addition,

26   SCPC agreed to purchase key man life insurance on Joel Spear in the amount of $2 million with

27   SCPC named as the loss payee.  Upon information and belief, SCPC did not follow through on

28   these commitments.  These changes would have been to the benefit of the ESOP and its

1   participants.  Upon information and belief, defendant FBTS, as Trustee of the ESOP, did not

2   adequately seek to enforce these provisions in the November 2007 ESOP Transaction

3   agreements.

4   41.     Upon information and belief, despite the red flags described above, FBTS has not

5   fulfilled its fiduciary duties as successor Trustee. No valuation report has been prepared for the

6   SCPC stock owned by the ESOP since the SRR valuation report as of 12/31/08, even though

7   ERISA requires the ESOP's fiduciaries to obtain an annual valuation.  Upon information and

8   belief SCPC has engaged in a liquidation of SCPC's assets and equipment, to the detriment of

9   Plan and participants.  Defendants FBTS and SCPC have failed in their duty to keep ESOP

10  participants informed as to the status of SCPC, the ESOP, and their individual accounts.

11  42.     Following the November 2007 ESOP Transaction, SCPC's financial results continued to

12  deteriorate due to the residential housing construction downturn and SCPC's inability to

13  successfully change its focus to public works projects.  The massive debt taken on by SCPC as

14  part of the November 2007 ESOP Transaction exacerbated SCPC's financial woes.  Upon

15  information and belief, the SCPC stock owned by the ESOP currently has no value.

16  **V.     CLASS ACTION ALLEGATIONS**

17  43.     Plaintiffs bring the First and Second Claims for Relief for violations of ERISA §§

18  502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), as a class action pursuant to

19  Fed. R. Civ. P. 23 (a) and (b), on behalf of all persons other than Defendants who were

20  participants in the ESOP on January 1, 2006 or at any time thereafter, and/or beneficiaries of

21  ESOP participants on January 1, 2006 or at any time thereafter (hereinafter "Plaintiff Class").

22  Excluded from the Plaintiff Class are Defendants and their immediate family; the officers and

23  directors of any Defendant or of any entity in which a Defendant has a controlling interest; and

24  legal representatives, successors, and assigns of any such excluded persons.

25  44.     The Plaintiff Class is so numerous that joinder of all members is impracticable. Plaintiffs

26  are informed and believe, and on that basis allege, that over 200 employees and former

27  employees are participants, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the ESOP.

28

Although the exact number and identities of Class Members are unknown to Plaintiffs at this time, this information is easily ascertainable from the ESOP through discovery of its records.

45.     Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

i.     Whether Defendant Reser, FSI, Joel Spear, Linda Spear, and the Spear Family Trust engaged in a prohibited transaction under ERISA by permitting the ESOP to purchase SCPC stock from Defendant Spear Family Trust in November 2007 for more than adequate consideration;

ii.     Whether Defendant Reser engaged in a prudent investigation of the proposed sale of SCPC stock by Defendant Spear Family Trust to the ESOP in November 2007;

iv.     Whether Defendants Reser breached a fiduciary duty to ESOP participants by causing the ESOP to purchase SCPC stock in November 2007 for more than fair market value at a predetermined price set by Spears;

v.     Whether Defendant FBTS breached its fiduciary duties to ESOP participants by failing to adequately investigate and remedy the overpayment by the ESOP in the November 2007 ESOP Transaction after it became the successor Trustee of the ESOP;

vi.     The amount of damages suffered by the ESOP as a result of Defendants' fiduciary violations.

46.     Plaintiffs' claims are typical of those of the Plaintiff Class.  For example, Plaintiffs, like other ESOP participants in the Plaintiff Class, suffered a diminution in the value of their ESOP accounts when the ESOP purchased SCPC stock owned by Defendant Spear Family Trust for more than fair market value, and continue to suffer such losses in the present because Defendants have failed to correct the overpayment by the ESOP.

47.     Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs have retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

48.     Class certification of Plaintiffs' First and Second Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate

1   actions by individual Class members would create a risk of inconsistent or varying adjudications

2   which would establish incompatible standards of conduct for Defendants, and/or because

3   adjudications with respect to individual Class members would as a practical matter be dispositive

4   of the interests of non-party Class members.

5   49.     In addition, Class certification of Plaintiffs' First and Second Claims for Relief for

6   violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have

7   acted or refused to act on grounds generally applicable to the Class, making appropriate

8   declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The members

9   of the Class are entitled to declaratory and injunctive relief to remedy Defendants' fiduciary

10   violations.

11   50.     The names and addresses of the Plaintiff Class are available from the ESOP. Notice will

12   be provided to all members of the Plaintiff Class to the extent required by Rule 23.

13   **VI.    CLAIMS FOR RELIEF**

14                **FIRST CLAIM FOR RELIEF**

15         **[Breach of Fiduciary Duty Under ERISA §§ 502(a)(2) and (a)(3),**

16         **29 U.S.C. §§ 1132(a)(2) and (a)(3), Against All Defendants]**

17   51.     Plaintiffs incorporate the preceding paragraphs as though set forth herein.

18   52.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan

19   fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants

20   and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then

21   prevailing that a prudent person acting in a like capacity and familiar with such matters would

22   use in the conduct of an enterprise of a like character and with like aims.

23   53.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary

24   with respect to a plan and who breaches any of the responsibilities, obligations, or duties

25   imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan

26   any losses to the plan resulting from each such breach, and additionally is subject to such other

27   equitable or remedial relief as the court may deem appropriate, including removal of the

28   fiduciary.

54.     ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring an action for relief under ERISA § 409.

55.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring an action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

56.     Defendant Estate of Joel P. Spear is liable for the breaches of fiduciary duty attributable to Joel P. Spear.  Spear, Defendant Linda Spear, and Defendant SCPC breached their duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) and/or knowingly participated in breaches of fiduciary duty . These breaches include but are not limited to the following: setting the purchase price for the November 2007 ESOP Transaction prior to SCPC hiring Reser as Trustee for the ESOP; causing the Plan to pay more than fair market value for SCPC stock; failing to provide complete and accurate information regarding SCPC to Reser and SRR for use in the valuations prepared in connection with the November 2007 ESOP Transaction; providing inflated financial projections to Reser and SCPC; causing the ESOP to take on excessive debt in connection with the November 2007 ESOP Transaction; failing to adequately  monitor the Trustees of the ESOP; holding funds that in good conscience belong to the ESOP;  and failing to remedy the ESOP's overpayment for SCPC stock at any time between November 2007 and the present.  Spear, Defendant Linda Spear, and Defendant SCPC  are also liable as co-fiduciaries with respect to each fiduciary violation by each other fiduciary of the Plan under ERISA § 405, 29 U.S.C. § 1105, to the extent that: (a) they participated knowingly in, or knowingly undertook to conceal, an act or omission of any other fiduciary, knowing such action is a breach; (b) by their failure to comply with ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), they enabled such other fiduciary to commit a breach; or (c) if they has had knowledge of a breach by any other fiduciary, unless they made reasonable efforts under the circumstances to remedy the breach.

57.     Reser and FSI breached their duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). These breaches include but are not limited to the following: causing the Plan to pay more than fair market value for SCPC stock; failing to conduct a thorough and independent review and adequately consider whether the November 2007 purchase of SCPC stock from the Spear Family

1  Trust was in the best interests of the Plan participants; causing the ESOP to take on excessive

2  debt in connection with the November 2007 ESOP Transaction; failing to undertake an adequate

3  and independent valuation of the SCPC stock prior to the Transactions; failing to make certain

4  that reliance on any and all valuation experts' advice was reasonably justified under the

5  circumstances of the transactions; failing to make an honest, objective effort to read the valuation

6  reports, understand them, and question the methods and assumptions that did not make sense;

7  and failing to remedy the ESOP's overpayment for SCPC stock at any time between November

8  2007 and the present.  Defendant Reser is also liable as a co-fiduciary with respect to each

9  fiduciary violation by each other fiduciary of the Plan under ERISA § 405, 29 U.S.C. § 1105, to

10  the extent that: (a) he participated knowingly in, or knowingly undertook to conceal, an act or

11  omission of any other fiduciary, knowing such action is a breach; (b) by his failure to comply

12  with ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), he enabled such other fiduciary to commit a

13  breach; or (c) if he has had knowledge of a breach by any other fiduciary, unless he has made

14  reasonable efforts under the circumstances to remedy the breach.

15  58.     Defendant FBTS breached its duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

16  These breaches include but are not limited to the following: ignoring red flags indicating that its

17  predecessors had breached their fiduciary duties; failing to determine whether a reliable and

18  independent valuation of the SCPC stock had been done prior to, or in connection with the

19  November 2007 ESOP Transaction; failing to make certain that reliance on any and all valuation

20  experts' advice in connection with the November 2007 ESOP transaction was reasonably

21  justified under the circumstances of the Transaction; failing to remedy the ESOP's overpayment

22  for SCPC stock at any time between March 2008 and the present; and failing to ensure that

23  SCPC, Spear and Linda Spear performed all of their obligations arising from the November 2007

24  ESOP Transaction; failing to report and disclose all material information to plan participants,

25  including but not limited to Spear, Linda Spear and SCPC's failure to comply with their

26  obligations.

27  59.     ERISA § 410 prohibits agreements that purport to relieve a fiduciary from responsibility

28  or liability for any fiduciary duty. 29 U.S.C. § 1110(a). Specifically, § 410 states that "any

1 | provision in an agreement or instrument which purports to relieve a fiduciary from responsibility

2 | or liability for any responsibility, obligation, or duty under this part shall be void as against

3 | public policy." 29 U.S.C. § 1110(a).

4 | 60.     Any indemnification agreement between the Defendants or any of them, on the one hand,

5 | and SCPC or the ESOP, on the other hand, violates ERISA § 410 and is therefore null and void.

6 | 61.     Defendants' acts and omissions caused millions of dollars of losses to the Plan in an

7 | amount to be proven more specifically at trial.

8 | **SECOND CLAIM FOR RELIEF**

9 | **[Engaging in Prohibited Transaction Forbidden by ERISA §§ 406(a)-(b),**

10 | **29 U.S.C. §§ 1106(a)-(b), Against Defendants Reser, FSI, Estate of Joel Spear, Linda Spear,**

11 | **SCPC, Spear Family Trust]**

12 | 62.     Plaintiffs incorporate the preceding paragraphs as though set forth herein.

13 | 63.     ERISA § 406(a), 29 U.S.C. § 1106(a), requires that a plan fiduciary "shall not cause the

14 | plan to engage in a transaction, if he knows or should know that such transaction constitutes a

15 | direct or indirect sale or exchange, or leasing of any property between the plan and a party in

16 | interest," or a "transfer to, or use by or for the benefit of, a party in interest, of any assets of the

17 | plan."

18 | 64.     ERISA § 406(b), 29 U.S.C. § 1106(b), mandates that a plan fiduciary shall not "act in any

19 | transaction involving the plan on behalf of a party (or represent a party) whose interests are

20 | adverse to the interests of the plan or the interests of its participants," or "deal with the assets of

21 | the plan in his own interest or for his own account," or "receive any consideration for his own

22 | personal account from any party dealing with such plan in connection with a transaction

23 | involving the assets of the plan."

24 | 65.     ERISA § 408(e), 29 U.S.C. § 1108(e) provides a conditional exemption from the

25 | prohibited transaction rules for sale of employer securities to or from a plan if a sale is made for

26 | adequate consideration. ERISA § 3(18)(B) defines adequate consideration as "the fair market of

27 | the asset as determined in good faith by the trustee or named fiduciary." ERISA's legislative

28 | history and existing case law make clear that ERISA § 3(18)(B) requires that the price paid must

1 | reflect the fair market value of the asset, and the fiduciary must conduct a prudent investigation
2 | to determine the fair market value of the asset.

3 | 66.    Joel Spear and Defendants Reser, FSI, SCPC, Linda Spear, and Spear Family Trust
4 | engaged in a prohibited transaction in violation of ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-
5 | (b), by failing to ensure that the ESOP paid no more than fair market value for the SCPC stock
6 | purchased from the Spear Family Trust in November 2007. Specifically, the ESOP paid more
7 | than fair market value for shares sold by the Spear Family Trust.

8 | 67.    Defendants Reser and FSI engaged in a prohibited transaction in violation of ERISA §§
9 | 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b), by causing the ESOP to purchase SCPC stock for greater
10 | than adequate consideration in November 2007; causing the ESOP to borrow funds for the
11 | November 2007 ESOP Transaction, even though the purchase price was inflated; and causing the
12 | ESOP to take on excessive debt in connection with the November 2007 ESOP Transaction.
13 | Specifically, the ESOP paid more than fair market value for shares sold by the Spear Family
14 | Trust., and Reser and FSI failed to conduct an independent and prudent investigation into the fair
15 | market price before entering into the stock purchase agreement with SCPC, Spear, Linda Spear
16 | and Spear Family Trust. Reser and FSI failed to, among other things, ensure that they secured a
17 | reliable and independent expert appraisal of the fair market value of SCPC stock prior to
18 | November 2007 Transaction; and make certain that reliance on any and all valuation experts'
19 | advice and SCPC's financial projections were reasonably justified under the circumstances of the
20 | Transaction.

21 | 68.    ERISA § 409, 29 U.S.C. § 1109, provides, inter alia, that any person who is a fiduciary
22 | with respect to a plan and who breaches any of the responsibilities, obligations, or duties
23 | imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan
24 | any losses to the plan resulting from each such breach, and additionally is subject to such other
25 | equitable or remedial relief as the court may deem appropriate, including removal of the
26 | fiduciary.

27 | 69.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for
28 | relief under ERISA § 409.

70.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

71.     Defendants Estate of Joel P. Spear, Linda Spear, and the Spear Family Trust, have profited in an amount to be proven at trial from the prohibited transaction by receiving more than fair market value for the SCPC stock sold to the ESOP in November 2007 and/or holding funds paid by the ESOP as part of the Transaction.

72.     Defendants have caused millions of dollars of losses to the ESOP by the prohibited transactions in an amount to be proven more specifically at trial.

## VII.   PRAYER

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, on each Claim for Relief and for the following relief:

**As to the First Claim for Relief:**

A.     Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named plaintiffs as class representatives and their counsel as class counsel;

B.     Declare that the Defendants, and each of them, have breached their fiduciary duties to the Plaintiff Class and/or knowingly participated in breaches of fiduciary duty;

C.     Enjoin Defendants, and each of them, from further violations of their fiduciary responsibilities, obligations and duties;

D.     Issue a preliminary and permanent injunction removing the Defendants, and each of them, as fiduciaries and Trustees of the ESOP and/or barring the Defendants, and each of them, from serving as fiduciaries or Trustees of the ESOP in the future, and appointing a new independent fiduciary as Trustee of the ESOP;

E.     Order that Defendants and each of them, make good to the ESOP and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits they have made through use of assets of the ESOP;

F.     Order that Defendants provide other appropriate equitable relief to the ESOP, including but not limited to, by forfeiting their ESOP accounts, providing an accounting for profits,

1   imposing a constructive trust and/or equitable lien on any funds wrongfully held by any of the

2   Defendants;

3   G.      Declare that any indemnification agreement between the Defendants, or any of them, and

4   SCPC or the ESOP violates ERISA § 410, 29 U.S.C. § 1110, and is therefore null and void.

5   H.      Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to

6   ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

7   I.      Order Defendants and each of them to disgorge any fees they received in conjunction

8   with the November 2007 ESOP Transaction;

9   J.      Order Defendants to pay prejudgment interest; and

10  K.      Award such other and further relief as the Court deems equitable and just.

11  **As to the Second Claim for Relief:**

12  A.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named

13  plaintiffs as class representatives and their counsel as class counsel;

14  B.      Declare that Joel Spear and Defendants Linda Spear, Reser, FSI, SCPC, the Spear Family

15  Trust, and each of them, have breached their fiduciary responsibilities and/or duties as parties in

16  interest to the Plaintiff Class;

17  C.      Enjoin said defendants, and each of them, from further prohibited transactions and

18  violations of their fiduciary responsibilities, obligations and duties;

19  D.      Issue a preliminary and permanent injunction removing said defendants, and each of

20  them, as fiduciaries and Trustees of the ESOP and/or barring said defendants, from serving as

21  fiduciaries or Trustees of the ESOP in the future, and appointing a new independent fiduciary as

22  Trustee;

23  E.      Declare that Joel Spear and Defendants Linda Spear, Reser, FSI, SCPC, the Spear Family

24  Trust, and each of them engaged in prohibited transactions in violation of ERISA §§ 406(a)-(b),

25  29 U.S.C. §§ 1106(a)-(b), by causing the ESOP to purchase SCPC stock from Defendant Spear

26  Family Trust for more than adequate consideration;

27

28

COMPLAINT [CASE NO. _____ ]                        Page 18

F.      Order said Defendants, and each of them, make good to the ESOP and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits they have made through use of assets of the ESOP;

G.      Order that said Defendants provide other appropriate equitable relief to the ESOP, including but not limited to, by forfeiting their ESOP accounts, providing an accounting for profits, imposing a constructive trust and/or equitable lien on any funds wrongfully held by any of the Defendants, and/or tracing the ESOP assets received by parties-in-interest;

H.      Order said Defendants, and/or other parties-in-interest to return the payments they received for SCPC stock in November 2007 to the ESOP along with any profits that it has earned on these payments, order Defendants to disgorge their profit from the prohibited transaction to the ESOP, impose a constructive trust upon the profits earned by any of the Defendants from violations of fiduciary obligations and duties as parties in interest, order an accounting for profits by Defendants, trace the ESOP assets received by the Defendants, and/or order other appropriate equitable relief.

I.      Order Defendants and each of them to disgorge any fees they received in conjunction with the November 2007 ESOP Transaction;

J.      Order Defendants to pay prejudgment interest;

K.      Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund; and

L.      Award such other and further relief as the Court deems equitable and just.

Respectfully submitted,

Dated: July 20, 2011                    LEWIS, FEINBERG, LEE, RENAKER &
                                        JACKSON, P.C.
                                        DONAHOO & ASSOCIATES

                                        By: /s/ Daniel Feinberg
                                        Daniel Feinberg
                                        Richard E. Donahoo

                                        *Attorneys for Plaintiffs*